**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HYANG LAN LEE,<br><br>           Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 08-70912<br><br>Agency No. A079-800-950<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN and LEAVY, Circuit Judges.

Hyang Lan Lee, a native and citizen of China, petitions for review of the

decision of the Board of Immigration Appeals ("BIA") affirming an Immigration

Judge's ("IJ's") denial of her application for asylum and withholding of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under by 8 U.S.C. § 1252. We review for substantial evidence adverse credibility determinations, *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010), and deny the petition for review.

Lee's claim for relief in her asylum application and at her merits hearing differed significantly from the claim for relief she presented to the asylum officer during her credible fear interview. We reject Lee's contention that the BIA improperly relied on the credible fear interview to find her not credible. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004); *cf. Singh v. INS*, 292 F.3d 1017, 1022 (9th Cir. 2002) (concluding that an airport statement lacked sufficient indicia of reliability and accuracy on its own to support an adverse credibility determination because there was evidence of translation problems and no evidence of how the interview was conducted). Substantial evidence supports the agency's adverse credibility determination based on this inconsistent account of her claim, *see Singh-Kaur v. Ashcroft*, 183 F.3d 1147, 1149-50 (9th Cir. 1999) ("[t]he court must uphold the BIA's findings unless the evidence presented would compel a reasonable finder of fact to reach a contrary result"); *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (inconsistencies deprived claim of requisite "ring of truth"), and the agency reasonably rejected Lee's explanation for the inconsistency, *see Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).

In the absence of credible testimony, Lee's claims for asylum and withholding of removal fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED**.